# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　　　Plaintiff,<br><br>v.<br><br>**$30,500.00 IN UNITED STATES CURRENCY,**<br>　　　　Defendant | Case No. |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, Teresa A. Moore, United States Attorney for the Western District of Missouri, and John Constance, Assistant United States Attorney, brings this verified complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit property pursuant to 18 U.S.C. § 981(a)(1)(C) to the United States based on violations of 18 U.S.C. §§ 1343 and 1956.

### THE DEFENDANT *IN REM*

2. The defendant $30,500.00 in United States currency was seized at FedEx Shipping Center, 3530 Industrial Drive, Joplin, Missouri, on July 9, 2021. The Defendant Property is presently in the custody of the Federal Bureau of Investigation.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. §

1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. § 981(a).

4. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the Defendant Property is found in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395, because the action accrued in this district and the Defendant Property is found in this district.

## BASIS FOR FORFEITURE

6. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), because it constitutes, is derived from, or is traceable to proceeds of "specified unlawful activity," as that term is defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit "specified unlawful activity," and as property involved in money laundering, in violation of 18 U.S.C. § 1956.

## STATEMENT OF PROBABLE CAUSE

7. On July 8, 2021, the manager of the FedEx Shipping Center located at 3530 Industrial Drive, Joplin, Missouri, contacted the Missouri State Highway Patrol regarding a FedEx envelope package that a customer, R.H., had attempted to have delivered to an individual via a FedEx location in Waxahachie, Texas. Based on multiple identical packages R.H. had mailed through FedEx over the past several days, the manager was

2

Case 3:23-cv-05081-BP   Document 1   Filed 09/29/23   Page 2 of 6

suspicious R.H. was attempting to send currency, in violation of FedEx's terms of service prohibiting the shipment of cash and other monetary units. The manager opened the envelope and discovered a small, gift-wrapped box containing $23,000 in U.S. currency.

8. The Missouri State Highway Patrol referred the tip to the Federal Bureau of Investigation (FBI) and FBI responded to the FedEx location the following day, on July 9, 2021. The manager provided FBI the gift-wrapped box containing $23,000, and a store employee identified a separate package addressed to R.H. containing a People magazine, taped around the edges, with a large bulge in the middle. Inside the magazine was $7,500 in U.S. Currency. The return address corresponded to Otisco Lake Campgrounds and Marina in Marietta, New York.

9. The store manager reported that R.H. had previously sent two packages to Rock Island, Illinois, and one package Kenosha, Wisconsin, all three of which contained nearly identical gift-wrapped boxes as the package R.H. had attempted to send to Waxahachie, Texas.

10. FBI seized the packages containing $23,000 and $7,500 (collectively, the "Defendant Property") pursuant to the belief that the currency constituted, or was derived from, proceeds of illegal activity.

11. On July 14, 2021, FBI interviewed R.H. at her workplace; a beverage bottling factory in Joplin, Missouri. She told FBI she was in an online relationship with a man she believed to be named Jason Britt. According to R.H., Britt was in the United States military and stationed in Afghanistan. Britt claimed he could not obtain needed medical supplies in Afghanistan and, therefore, needed R.H.'s help transferring funds for him to

use to purchase the supplies. R.H. reported having mailed approximately $100,000 in U.S. currency over the prior year to a person in Texas she believed to be Britt's cousin. R.H. also stated she had converted money she received through the mail into Bitcoin and deposited it into a cryptocurrency account shared by her and Britt.

12. When asked about the $23,000 she attempted to send to Waxahachie, R.H. initially claimed it was money that she and Britt had saved. But once confronted with the package sent to her containing money wrapped inside a magazine, R.H. confessed that none of the transferred money belonged to her, including the Defendant Property.

13. The transfer of substantial sums of U.S. currency to and from R.H. at the direction of an online romantic interest purporting to be a U.S. military member stationed abroad is consistent with a common "romance fraud" scheme criminals use to launder illicit proceeds by layering and integrating the proceeds using an intermediary money mule to conceal the nature, location, source and/or ownership of the proceeds of unlawful conduct.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

14. The Plaintiff repeats and incorporates by reference the paragraphs above.

15. By the foregoing and other acts, the Defendant Property, $30,500 in United States currency, constitutes, or was derived from, proceeds traceable to specified unlawful activity, and therefore, is forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C).

## SECOND CLAIM FOR RELIEF

16. The Plaintiff repeats and incorporates by reference paragraphs 1–13 above.

17. By the foregoing and other acts, the Defendant Property constitutes property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, or is traceable to such property, and therefore, is forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE the United States prays that the Defendant Property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By: */s/ John Constance*
John Constance
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: John.Constance@usdoj.gov

# VERIFICATION

I, Special Agent Victoria Bernhoft, hereby verify and declare under penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the factual matters contained in paragraphs 7 through 13 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/29/2023

/s/ *Victoria Bernhoft*
Victoria Bernhoft
Special Agent
Federal Bureau of Investigation